**12 CV 1684**

Jonathan Stoler
Eric Raphan
SHEPPARD, MULLIN, RICHTER & HAMPTON LLP
30 Rockefeller Plaza
New York, New York 10112
Telephone: (212) 653-8700
Facsimile: (212) 653-8701
*Attorneys for Petitioners*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------ x

RAME, LLC d/b/a CAFÉ CENTRO, and PATINA
RESTAURANT GROUP, LLC,

                         Petitioners,

          v.

MISHI POPOVICH, SANDRA AGUILERA,
BRENDAN CASEY, JOHAN MESTANZA,
DAVID HEWETSON, SAMUEL CUEVAS, and
BONNIE WICKERAAD, on behalf of themselves
and all others similarly situated,

                        Respondents.

------------------------------------------------------------ x



Civil Action

**PETITION TO VACATE
PARTIAL FINAL AWARD
ON CLAUSE CONSTRUCTION**

       Petitioners Rame, LLC d/b/a Café Centro ("Café Centro") and Patina Restaurant Group,

LLC ("Patina") (collectively referred to herein as "Petitioners") as and for its Petition pursuant to

9 U.S.C. § 10, to vacate arbitrator Bonnie Weinstock's (the "Arbitrator") Partial Final Award on

Clause Construction, dated February 6, 2012 (the "Award"),[1] allege as follows:[2]

## INTRODUCTION

1.      This is an action pursuant to 9 U.S.C. §§ 10 and 12 to vacate an arbitration award.

---

[1] A copy of the Award is attached hereto as Exhibit A.

[2] In support of this Petition, Petitioners also file herewith a Notice of Motion to Vacate the Award, a Memorandum
of Law in Support, and the Declaration of Jonathan Stoler, Esq., dated March 7, 2012, with exhibits.

## PARTIES

2.    Petitioner Café Centro is a limited liability company organized and formed under the laws of the State of Delaware, with its principal place of business at 200 Park Avenue, New York, New York.

3.    Petitioner Patina is a limited liability company organized and formed under the laws of the State of Delaware, with its principal place of business at 1150 South Olive St., Los Angeles, CA 90015.

4.    Upon information and belief, respondent Mishi Popovich ("Popovich") is a resident of the State of New York, and was employed at Café Centro from on or about September 2004 to April 2010.

5.    Upon information and belief, respondent Sandra Aguilera ("Aguilera") is a resident of the State of New York, and was employed at Café Centro from on or about June 2008 to February 2010.

6.    Upon information and belief, respondent Brendan Casey ("Casey") is a resident of the State of New York, and was employed at Café Centro from on or about March 2003 to June 2010.

7.    Upon information and belief, respondent Johan Mestanza ("Mestanza") is a resident of the State of New Jersey, and was employed at Café Centro from on or about July 2001 to December 2008.

8.    Upon information and belief, respondent David Hewetson ("Hewetson") is a resident of the State of New York, and was employed at Café Centro from on or about July 2008 to May 2010.

9.     Upon information and belief, respondent Samuel Cuevas ("Cuevas") is a resident of the State of New York, and was employed at Café Centro from on or about September 2008 to June 2009.

10.     Upon information and belief, respondent Bonnie Wickeraad ("Wickeraad") is a resident of the State of New York, and was employed at Café Centro from on or about August 2008 to June 2009.

## JURISDICTION AND VENUE

11.     This Court has subject matter jurisdiction of this action pursuant to 28 U.S.C. § 1331, as the arbitration award at issue involves the interpretation of federal law.

12.     Pursuant to 28 U.S.C. § 1391(b) and 9 U.S.C. § 10, venue is proper in this District as the agreements at issue were executed and distributed in this District and the facts giving rise to Respondents' purported claims occurred in this District.

13.     Venue is also proper in this District because the parties' Joint Stipulation (the "Stipulation"), dated September 23, 2011, provides that either party may pursue any and all remedies including, but not limited to, a motion to vacate the Award in this District.  A copy of the Stipulation is attached hereto as Exhibit B.

## FACTUAL BACKGROUND

**A.     Petitioners' Dispute Resolution Policy And Dispute Resolution Agreement**

14.     In November 2007, Café Centro's management distributed a new Hourly Team Member Handbook (the "Handbook") to the hourly team members employed at Café Centro at such time including, but not limited to, its waiters, waitresses, runners, bussers and bartenders (collectively, the "Hourly Team Members").

15.     Beginning at that time, Café Centro's management also began providing all newly hired Hourly Team Members with, among other things, a copy of the new version of the Handbook and a copy of a Dispute Resolution Agreement ("DRA") for their execution.

16.     In connection with the distribution of the Handbook, in November 2007, Café Centro's management conducted a series of mandatory staff meetings with its Hourly Team Members during which the Handbook was distributed to each such individual who attended the meetings. All Hourly Team Members were required to attend one of these meetings.

17.     Respondents Popovich, Casey and Mestanza each were employed as an Hourly Team Member at Café Centro when Café Centro distributed the new version of the Handbook.

18.     Respondents Aguilera, Hewetson, Cuevas, and Wickeraad all began their employment at Café Centro after November 2007 and, thus, were each provided with a copy of the Handbook at or around the time of their hiring.

19.     The Handbook contains a Dispute Resolution Policy (the "DR Policy"), which provides that all claims relating to an hourly employee's employment must be submitted to final and binding arbitration. The DR Policy does not make any reference to "class" or "collective" actions or to Individual Respondents' ability to pursue claims on behalf of third parties. A copy of the DR Policy is attached hereto as Exhibit C.

20.     Respondents Aguilera, Hewetson, Cuevas, and Wickeraad each also executed a DRA which requires each of them to submit all claims relating to their individual employment at Café Centro to final and binding arbitration. The DRA does not make any reference to "class" or "collective" actions or to Individual Respondents' ability to pursue claims on behalf of third parties. A copy of the DRAs executed by Aguilera, Hewetson, Cuevas, and Wickeraad are attached hereto as Exhibit D.

**B.**     <u>**The District Court Action and Subsequent Arbitration**</u>

21.     On or about January 31, 2011, Popovich, Aguilera, Casey and Mestanza collectively commenced an action in the United States District Court for the Southern District of New York, Case No. 11-cv-0680 (LBS) (MHD), against Petitioners on behalf of themselves and "all persons who have worked as waiters, runners, busboys and bartenders at Café Centro for the past six years" (the "Federal Court Action").[3]

22.     On or about May 20, 2011, Respondents filed a motion to dismiss the Federal Court Action and to compel the Popovich, Aguilera, Casey and Mestanza to arbitrate their claims on an individual basis (the "Motion to Dismiss").

23.     On or about July 2, 2011, rather than oppose Respondents' Motion to Dismiss, Popovich, Aguilera, Casey and Mestanza voluntarily dismissed their Complaint in the Federal Court Action and commenced an arbitration.

24.     Pursuant to the parties' Joint Stipulation (the "Stipulation"), dated September 23, 2011, the parties selected the Arbitrator, agreed that the arbitration proceedings would be governed by the American Arbitration Association's Employment Arbitration Rules and any supplementary rules, and agreed to engage in motion practice to obtain a threshold clause construction award from the Arbitrator regarding whether the DR Policy and/or DRA permit class/collective proceedings.  <u>See</u> Ex. B.

25.     On or about February 6, 2012, the Arbitrator issued her Award and held that the DRA and DR Policy permit class/collective proceedings.

26.     The Stipulation further provides that either party may pursue any and all remedies including, but not limited to, a motion to vacate the Award in this District.  <u>See</u> Ex. B.  Thus, in

---

[3] Hewetson, Cuevas and Wickeraad joined the instant action at various times thereafter.

accordance with the Stipulation and the AAA's Supplementary Rules, the Arbitrator has stayed the arbitration pending the outcome of the instant Petition  See Ex. A.

## COUNT I

27.     The allegations in paragraphs 1 through 26 are incorporated herein by reference with the same force and effect as if set forth in full.

28.     Section 10 of the FAA provides that a Court may vacate an arbitrator's award where, among other reasons, "the arbitrators exceeded their powers, or so imperfectly executed them that a mutual, final, and definite award upon the subject matter submitted was not made." 9 U.S.C. § 10(a)(4).

29.     In the Award, the Arbitrator exceeded her authority by holding, contrary to established Supreme Court precedent and New York law, that the DR Policy and DRA permit class/collective proceedings.

30.     Accordingly, since the Arbitrator exceeded her authority in issuing the Award, the Award should be vacated pursuant to 9 U.S.C. § 10(a)(4).

## COUNT II

31.     The allegations in paragraphs 1 through 26 are incorporated herein by reference with the same force and effect as if set forth in full.

32.     In the Award, the Arbitrator manifestly disregarded the law as set forth by Supreme Court precedent and New York law, in holding that the DR Policy and DRA permit class/collective proceedings.

33.     The Arbitrator was made aware of these governing legal principles prior to issuing the Award, yet refused to apply them and/or ignored them altogether.  Moreover, the law ignored by the Arbitrator is well defined, explicit and clearly applicable to this case.

34.     Accordingly, since the Arbitrator manifestly disregarded the law in issuing the Award, the Award should be vacated.

## CONCLUSION AND REQUEST FOR RELIEF

WHEREFORE, Petitioners respectfully request:

(a)     Entry of a Order vacating the Award;

(b)     Entry of an Order remanding the matter to the Arbitrator, directing her to proceed with each of the Individual Respondent's claims against Petitioners in separate arbitrations on an individual basis; and

(c)     Granting such other and further relief as may be just and proper.

Dated:  New York, New York
        March 7, 2012

Respectfully submitted,

SHEPPARD, MULLIN, RICHTER & HAMPTON LLP

By:_____
    Jonathan Stoler
    Eric Raphan

30 Rockefeller Plaza
New York, New York  10112
Tel.:  (212) 653-8700
Fax:  (212) 653-8701
*Attorneys for Petitioners*