Louis Pechman
Jessica Tischler
N. Marely Mercado
Berke-Weiss & Pechman LLP
488 Madison Avenue, 11th Floor
New York, New York 10022
(212) 583-9500
*Attorneys for Respondents*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
RAME, LLC d/b/a CAFÉ CENTRO, and : 12 Civ. 1684 (RWS)
PATINA RESTAURANT GROUP, LLC, :
: RESPONDENTS'
Petitioners, : MEMORANDUM OF LAW
: IN OPPOSITION TO
-against- : PETITIONERS'
: PETITION/MOTION TO
MISHI POPOVICH, SANDRA AGUILERA, : VACATE THE
BRENDAN CASEY, JOHAN MESTANZA, : ARBITRATOR'S PARTIAL
DAVID HEWETSON, SAMUEL CUEVAS, and : FINAL AWARD ON
BONNIE WICKERAAD, on behalf of themselves : CLAUSE CONSTRUCTION
and all others similarly situated, :
situated, : ECF CASE
Respondents. :
------------------------------------------------------------X

Respondents Mishi Popovich, Sandra Aguilera, Brendan Casey, Johan Mestanza, David Hewetson, Samuel Cuevas, and Bonnie Wickeraad (collectively, "Respondents"), submit this memorandum of law in opposition to petitioners Rame, LLC d/b/a Café Centro and Patina Restaurant Group, LLC's (collectively, "Petitioners") motion to vacate Arbitrator Bonnie Siber Weinstock's Partial Final Award on Clause Construction (the "Award"), which found that Respondents "may attempt to pursue a claim or claims in arbitration on behalf of others on a class-wide and/or collective basis." Award at 29, annexed to the Declaration of Louis Pechman ("Pechman Decl.") as Exhibit A.

## PROCEDURAL HISTORY

Respondents filed a Complaint against Petitioners in *Popovich, et al. v. Rame, LLC d/b/a Café Centro, et ano*, 11 Civ. 0680 (LBS) on January 31, 2011, which asserted class and collective action claims for unpaid wages under the Fair Labor Standards Act and the New York Labor Law. Pechman Decl. ¶ 4, Exhibit B. On May 20, 2011, Petitioners filed a Motion to Dismiss and Compel Arbitration, alleging that Respondents were required to arbitrate their claims. Pechman Decl. ¶ 5, Exhibit C. In response to the motion to compel arbitration, on July 2, 2011, Respondents voluntarily dismissed, without prejudice, the federal Complaint. Pechman Decl. ¶ 6, Exhibit D.

On September 23, 2011, the parties entered into a joint stipulation whereby they agreed to proceed to arbitration pursuant to the terms of the Dispute Resolution Agreements and Dispute Resolution Policies and in accordance with the Employment Arbitration Rules of the American Arbitration Association and any related supplementary rules. Pechman Decl. ¶ 7, Exhibit E. Petitioners proposed Bonnie Siber Weinstock, a well-respected arbitrator in labor and employment matters and a member of the National Academy of Arbitrators, to arbitrate the claims. The parties agreed to obtain a threshold clause construction award from the Arbitrator on whether the claims could be brought in arbitration on a class action and/or collective action basis. *Id.* Several rounds of briefing on the threshold issue followed, including the filing of a brief in support, a brief in opposition, a reply brief, a sur-reply brief, and a reply to the sur-reply brief. Pechman Decl., Exhibits F, G, H, I, and J.

On February 6, 2012, Arbitrator Weinstock issued the Award, which permitted Respondents to attempt to pursue their claims on a class-wide and/or collective basis.

2

## ARGUMENT

## POINT I

## ARBITRATOR WEINSTOCK DID NOT EXCEED HER AUTHORITY

It is well-settled that arbitration awards are "subject to very limited review in order to avoid undermining the twin goals of arbitration, namely, settling disputes efficiently and avoiding long and expensive litigation." *Willemijn Houdstermaatshappij, BV v. Standard Microsystems Corp.*, 103 F.3d 9, 12 (2d Cir. 1997). Petitioners seek to vacate the Award in this matter under 9 U.S.C. § 10(a)(4) of the Federal Arbitration Act, which provides grounds for vacatur where "the arbitrators exceeded their powers." The exception under § 10(a)(4) is construed narrowly, however, and arbitration awards will be upheld if the arbitrator "offers a barely colorable justification for the outcome reached." *Banco de Seguros del Estado v. Mut. Marine Office, Inc.*, 344 F.3d 255, 262 (2d Cir. 2003).

The inquiry under § 10(a)(4) is "whether the arbitrators had the power based on the parties' submissions or the arbitration agreement, to reach a certain issue, not whether the arbitrators correctly decided that issue." *Westerbeke Corp. v. Daihatsu Motor Co., Ltd.*, 304 F.3d 200, 220 (2d Cir. 2002). *See also Jock v. Sterling Jewelers Inc.*, 646 F.3d 113, 124 (2d Cir. 2011) ("it is not for the district court to decide whether the arbitrator 'got it right' when the question has been properly submitted to the arbitrator and neither the law nor the agreement categorically bar her from deciding that issue").

Here, the issue of whether the Arbitration Agreements permitted class arbitration was squarely presented to the arbitrator. On September 23, 2011, the parties entered into a Joint Stipulation to arbitrate their claims pursuant to the terms of the Arbitration Agreements and the American Arbitration Association's ("AAA")

3

Employment Arbitration Rules and any related supplementary rules. Pechman Decl., Exhibit E. Rule 3 of the Supplementary Rules of the AAA states, in pertinent part, that:

> Upon appointment, the arbitrator shall determine as a threshold matter, in a reasoned, partial final award on the construction of the arbitration clause, whether the applicable arbitration clause permits the arbitration to proceed on behalf of or against a class.

Indeed, the parties explicitly stipulated to have Arbitrator Weinstock decide, as a threshold matter, a partial final award on the construction of the Arbitration Agreements. *Id.*, ¶ 4. As the parties could not agree on a definition of the threshold issue, each party set forth their proposed version of the threshold issue to be decided and "ask[ed] that Arbitrator Weinstock determine which proposed Threshold Issue is most appropriate" and then to rule on that issue. *Id.*, ¶ 5.

Petitioners defined this threshold issue as follows:

> May Claimants attempt to pursue a claim or claims in arbitration on behalf of others on a class-wide and/or collective basis where, as here, the DRA does not specifically refer to the terms "class" or "collective" arbitration and is otherwise silent on the issue of 'class' or "collective arbitration?

*Id.*

Similarly, Respondents defined the threshold issue as follows:

> May the arbitration proceed on a collective and/or class action basis?

As such, while the parties had minor language differences on how to frame the issue presented, it is clear that both parties sought a ruling as to whether the Arbitration Agreements permitted Respondents to bring their claims on a collective or class basis.

Moreover, it bears noting that the Arbitration Agreements themselves contained language that "the arbitrator will decide all claims according to law, may award all damages and relief allowed by law," and that "The arbitrator may award any remedy

4

or relief as a court could award on the same claim." Award at 7. Such broad language is additional support for Arbitrator Weinstock's authority to decide whether or not the claims may proceed on a class action and/or collective basis. *Wall Street Assocs., L.P. v. Becker Paribas, Inc.*, 818 F. Supp. 679, 684 (S.D.N.Y. 1993), *aff'd*, 27 F.3d 845 (2d Cir. 1994) (arbitrator may only be said to have exceeded the scope of her powers if "it may be said with positive assurance that the arbitration clause is not susceptible of an interpretation that covers the asserted dispute.")

## POINT II

## THE AWARD DID NOT MANIFESTLY DISREGARD THE LAW

Petitioners' claim that the Award should be vacated because it was decided in manifest disregard of the law should also be denied because the law permits vacatur only in "those exceedingly rare instances where some egregious impropriety on the part of the arbitrator is apparent." *Duferco Int'l Steel Trading v. T. Klaveness Shipping A/S/*, 333 F.3d 383, 389 (2d Cir. 2003). A court requires "'something beyond and different from a mere error in the law or failure on the part of the arbitrators to understand or apply the law'" in order to vacate an award. *Westerbeke*, 304 F.3d at 208, *quoting Saxis SS. Co. v. Multifacs Int'l Traders, Inc.*, 375 F.2d 577, 582 (2d Cir. 1967). Rather, "[i]n order to vacate an award on this ground, the court must find that (1) the arbitrators knew of a governing legal principle yet refused to apply it or ignored it altogether, and (2) the law ignored by the arbitrators was well defined, explicit, and clearly applicable to the case." *Possehl, Inc. v. Shanghai Hia Xing Shipping*, No. 00 Civ. 5157(RWS), 2001 U.S. Dist. LEXIS 2169, at *9 (S.D.N.Y. March 7, 2001).

Even if the Award "were factually or legally erroneous, such error would not constitute manifest disregard for clearly applicable law." *Possehl*, 2001 U.S. Dist. LEXIS

or relief as a court could award on the same claim." Award at 7. Such broad language is additional support for Arbitrator Weinstock's authority to decide whether or not the claims may proceed on a class action and/or collective basis. *Wall Street Assocs., L.P. v. Becker Paribas, Inc.*, 818 F. Supp. 679, 684 (S.D.N.Y. 1993), *aff'd*, 27 F.3d 845 (2d Cir. 1994) (arbitrator may only be said to have exceeded the scope of her powers if "it may be said with positive assurance that the arbitration clause is not susceptible of an interpretation that covers the asserted dispute.")

## POINT II

## THE AWARD DID NOT MANIFESTLY DISREGARD THE LAW

Petitioners' claim that the Award should be vacated because it was decided in manifest disregard of the law should also be denied because the law permits vacatur only in "those exceedingly rare instances where some egregious impropriety on the part of the arbitrator is apparent." *Duferco Int'l Steel Trading v. T. Klaveness Shipping A/S/*, 333 F.3d 383, 389 (2d Cir. 2003). A court requires "'something beyond and different from a mere error in the law or failure on the part of the arbitrators to understand or apply the law'" in order to vacate an award. *Westerbeke*, 304 F.3d at 208, *quoting Saxis SS. Co. v. Multifacs Int'l Traders, Inc.*, 375 F.2d 577, 582 (2d Cir. 1967). Rather, "[i]n order to vacate an award on this ground, the court must find that (1) the arbitrators knew of a governing legal principle yet refused to apply it or ignored it altogether, and (2) the law ignored by the arbitrators was well defined, explicit, and clearly applicable to the case." *Possehl, Inc. v. Shanghai Hia Xing Shipping*, No. 00 Civ. 5157(RWS), 2001 U.S. Dist. LEXIS 2169, at *9 (S.D.N.Y. March 7, 2001).

Even if the Award "were factually or legally erroneous, such error would not constitute manifest disregard for clearly applicable law." *Possehl*, 2001 U.S. Dist. LEXIS

2169, at *17. *See also L'Objet*, 2011 U.S. Dist. LEXIS 113505, at *9, *quoting Carte Blanche (Singapore) Pte.*, 888 F.2d at 265 (2d Cir. 1989) ("[W]e are not at liberty to set aside an arbitrat[or's] award because of an arguable difference regarding the meaning and applicability of laws urged upon it.").

The law, and each of Petitioners' legal arguments, most of which have been rehashed in Petitioners' motion to vacate, were carefully considered and addressed by Arbitrator Weinstock. After reviewing more than eighty pages in legal memoranda, plus supporting documents, submitted by Petitioners, Arbitrator Weinstock issued an award which explained why *Stolt-Nielsen* and the other cases relied on by Petitioners do not bar a class or collective action here because, among other reasons, "the facts in *Stolt-Nielsen* drove the Court's decision and those facts are markedly different and fully distinguishable from the facts of this case." Award at 13. The Award goes on to analyze the language in *Stolt-Nielsen* to provide support for the distinction between that case and the instant one. *See L'Objet, LLC v. Samy D. Ltd.*, No. 11 Civ. 3856(LBS), 2011 U.S. Dist. LEXIS 113505, at *8 (S.D.N.Y. Sept. 29, 2011) (finding no manifest disregard where "[a]ll evidence indicates that the arbitrator provided a carefully reasoned decision explaining why *Dastar* does not apply to the facts of this case."). Accordingly, there is no basis for Petitioners' contention that the Award manifestly disregarded the law.

## CONCLUSION

Here, Petitioners asked for arbitration, proposed the arbitrator, and presented over eighty pages of legal briefs, plus supporting documents, in support of their position to the arbitrator they had selected. Petitioners may be unhappy with the Award, but Arbitrator Weinstock fully considered Petitioners' legal arguments and rejected them. Accordingly, there is simply no basis for this Court to vacate Arbitrator Bonnie Siber Weinstock's Award. For this and the foregoing reasons, Petitioners' motion to vacate should be denied and the Award should be confirmed.

Dated:  New York, New York
        March 21, 2012

                                            BERKE-WEISS & PECHMAN LLP

                                            By: _____
                                                Louis Pechman
                                                Jessica Tischler
                                                N. Marely Mercado
                                                488 Madison Avenue, 11th Floor
                                                New York, New York 10022
                                                (212) 583-9500
                                                *Attorneys for Respondents*