Jonathan Stoler
Eric Raphan
SHEPPARD, MULLIN, RICHTER & HAMPTON LLP
30 Rockefeller Plaza
New York, New York 10112
Telephone:  (212) 653-8700
Facsimile:  (212) 653-8701

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

----------------------------------------------------------------- x

RAME, LLC d/b/a CAFÉ CENTRO, and PATINA
RESTAURANT GROUP, LLC,

                          Petitioners,

                v.

MISHI POPOVICH, SANDRA AGUILERA,
BRENDAN CASEY, JOHAN MESTANZA,
DAVID HEWETSON, SAMUEL CUEVAS, and
BONNIE WICKERAAD, on behalf of themselves
and all others similarly situated,

                          Respondents.

----------------------------------------------------------------- x

Civil Action No.: 12-cv-01684 (RWS) (HBP)


**PETITIONERS' REPLY MEMORANDUM OF LAW IN
FURTHER SUPPORT OF THEIR PETITION/MOTION TO VACATE THE
ARBITRATOR'S PARTIAL FINAL AWARD ON CLAUSE CONSTRUCTION**

<u>TABLE OF CONTENTS</u>

<u>Page</u>

PRELIMINARY STATEMENT ..................................................................................1

ARGUMENT ..........................................................................................................3

I.     THE ARBITRATOR EXCEEDED HER AUTHORITY................................................3

II.    THE ARBITRATOR MANIFESTLY DISREGARDED THE LAW...............................6

CONCLUSION...............................................................................................................9

TABLE OF AUTHORITIES

Page(s)

Cases

187 Concourse Assoc. v. Fishman
    339 F.3d 524 (2d Cir. 2005)..............................................................................3, 6

AT&T Mobility LLC v. Concepcion
    131 S. Ct. 1740 (2011)..........................................................................................8

Baldeo v. Darden Restaurants, Inc.
    No. 04-cv-2185 (JG), 2005 WL 44703 (E.D.N.Y. Jan. 11, 2005)........................7, 8

Brown v. St. Paul Travelers Companies, Inc.
    559 F. Supp. 2d 288 (W.D.N.Y. 2008), aff'd, 331 Fed.Appx. 68 (2d Cir. 2009).....................8

Capo v. Bowers
    No. 00 Civ. 5950(JSM), 2001 WL 36193449 (S.D.N.Y. Mar. 12, 2001) ...............6

D'Antuono v. Service Road Corp.
    789 F. Supp. 2d 308 (D. Conn. 2011)...................................................................9

Delano v. Mastec, Inc.
    No. 8:10-CV-320-T-27MAP, 2010 WL 4809081 (M.D. Fla. Nov. 18, 2010) ............ .............9

Gold v. Deutshche Aktiengesellschaft
    365 F.3d 144 (2d Cir 2004).................................................................................8

Gonzalez v. Toscorp Inc.
    No. 97 Civ. 8158 (LAP), 1999 WL 595632 (S.D.N.Y. Aug. 5, 1999) .....................8

Halligan v. Piper Jaffray, Inc.
    148 F.3d 197 (2d Cir. 1998)................................................................................6

Jock v. Sterling Jewelers, Inc.
    646 F.3d 113 (2d Cir. 2011)................................................................................7

LaVoice v. UBS Fin. Servs., Inc.
    11 Civ. 2308 (BSJ)(JLC), 2012 U.S. Dist. LEXIS 5277 (S.D.N.Y. January 13, 2012) ...........9

N.Y. Tel. Co. v. Comm. Workers of Am. Local 110
    256 F.3d 89 (2d Cir. 2001)..................................................................................6

Nardi v. Povich
    824 N.Y.S.2d 764 (Sup. Ct. NY Co. 2006) ..........................................................8

Porzig v. Dresdner, Kleinwort, Benson, North America LLC
    497 F.3d 133 (2d Cir. 2007)...................................................................................3, 6

Stolt-Nielsen S.A. v. Animalfeeds Int'l Corp.
    130 S.Ct. 1758 (2010) ............................................................................... *passim*

Winn v. Tenet Healthcare Corp.
    No. 2:10-cv-02140-JPM-cgc, 2011 WL 294407 (W.D. Tenn. Jan. 27, 2011) ..........................9

Wyly v. CA, Inc.
    05 CV 4430 (TCP) (ETB), 2009 U.S. Dist. LEXIS 90037 (E.D.N.Y. Sept. 2, 2009)...........4, 5

Statutes

Federal Arbitration Act ("FAA") § 10(a)(4).......................................................................2, 3, 4, 6

Petitioners Rame, LLC d/b/a Café Centro ("Café Centro") and Patina Restaurant Group, LLC ("Patina") (collectively referred to herein as "Petitioners") respectfully submit this reply memorandum of law in further support of their motion ("Motion") to vacate arbitrator Bonnie Weinstock's (the "Arbitrator") Partial Final Award on Clause Construction, dated February 6, 2012 (the "Award").[1]

## PRELIMINARY STATEMENT

In opposition to Petitioners' Motion, Individual Respondents cavalierly submit a memorandum without so much as offering any explanation concerning why the Arbitrator's disregard of Supreme Court precedent and abject failure to adhere to basic New York contract law principles should not warrant the granting of the instant Motion. Indeed, because Petitioners' Principal Brief ("Prin. Br.") sets forth in compelling detail why this Motion should be granted, we need only review certain basic principles herein.

Individual Respondents argue in their Opposition Brief ("Opp. Br.") that the Arbitrator did not exceed her authority because the threshold question of whether Individual Respondents could proceed on a class/collective basis "was squarely presented to the Arbitrator." However, the Arbitrator's ability to decide this threshold question is not at issue here. Rather, the central issue is whether the arbitrator exceeded her authority by creating her own public policy and inventing various legal obligations not contemplated by the Dispute Resolution Agreement ("DRA") and Dispute Resolution Policy ("DR Policy"). Indeed, as the Supreme Court noted in

---

[1] In her Award, the Arbitrator ruled that the arbitration agreement between Petitioners and respondents Mishi Popovich ("Popovich"), Sandra Aguilera ("Aguilera"), Brendan Casey ("Casey"), Johan Mestanza ("Mestanza"), David Hewetson ("Hewetson"), Samuel Cuevas ("Cuevas") and Bonnie Wickeraad ("Wickeraad") (collectively referred to herein as "Individual Respondents") permit class/collective proceedings in arbitration.

Stolt-Nielsen S.A. v. Animalfeeds Int'l Corp., 130 S.Ct. 1758, 1776 (2010), the fact that the Arbitrator was asked to decide whether or not the DRA and DR Policy allow for class/collection actions in arbitration, does not give the Arbitrator the authority to ignore her responsibility to properly interpret and apply the clear contractual obligations set forth in such documents and, instead, make her own public policy.  Rather than properly interpreting the DRA and DR Policy, the Arbitrator exceeded her authority by ignoring Supreme Court precedent and basic New York contract interpretation principles and essentially created her own public policy by placing a requirement on Petitioners that is wholly contradicted by the relevant case law – namely, that Petitioners had to expressly notify Individual Respondents in the DRA and DR Policy that they could not pursue claims on a class/collective basis.  In reaching this erroneous conclusion, the Arbitrator relied on a  host of factors that are wholly irrelevant and only serve to further establish that the Arbitrator chose to create her own public policy rather than simply interpret and apply the DRA and DR Policy under federal and New York law.

In addition to exceeding her authority, the Arbitrator manifestly disregarded the law.  As an initial matter, the Arbitrator wholly disregarded basic New York contract interpretation principles that require that the DRA and DR Policy be interpreted to prohibit Individual Respondents from proceeding on a class/collective basis.  Moreover, the Arbitrator disregarded the Federal Arbitration Act ("FAA") and the cases interpreting it, including case law within the Second Circuit, that mandate that the DRA and DR Policy be interpreted to preclude class/collective claims regardless of: (1) whether the DRA and DR Policy contain an express waiver of class/collective claims; (2) whether the DRA and DR Policy were contracts of adhesion; and (3) the costs of litigating on an individual basis.

Accordingly, the Award should be vacated.

**ARGUMENT**

## I.   THE ARBITRATOR EXCEEDED HER AUTHORITY

In their Opposition Brief, Individual Respondents first argue that the Arbitrator did not exceed her authority because the issue of whether Individual Respondents could proceed on a class/collective basis "was squarely presented to the Arbitrator." (Opp. Br. pp. 3-4). However, this argument misses the point.

As the Supreme Court stated in Stolt-Nielsen, an arbitrator shall be deemed to have exceeded her powers under §10(a)(4) of the FAA " . . .when [an] arbitrator strays from interpretation and application of the agreement and effectively 'dispense[s] his own brand of industrial justice' . . . ." 130 S.Ct. at 1768 (internal citations omitted). The Supreme Court further explained that "the task of an arbitrator is to interpret and enforce a contract, *not to make public policy.*" Id. (emphasis added); see also Porzig v. Dresdner, Kleinwort, Benson, North Am. LLC, 497 F.3d 133, 140 (2d Cir. 2007) (vacating arbitration award and stating that "[w]here the arbitrator goes beyond [a] self-limiting agreement between consenting parties, it acts inherently without power, and an award ordered under such circumstances must be vacated."); 187 Concourse Assoc. v. Fishman, 339 F.3d 524, 527 (2d Cir. 2005) (vacating arbitration award). Stated another way, the mere fact that the Arbitrator was required to determine the threshold issue of whether Individual Respondents may proceed in arbitration on a class/collective basis under the DRA and DR Policy does not give the Arbitrator the authority to stray from her duty to properly interpret and apply the terms of such documents under applicable laws.

The instant matter is very similar to the underlying facts in Stolt-Nielsen. In Stolt-Nielsen, the arbitration panel was asked to determine the threshold issue of whether the parties'

arbitration agreement, which was silent on class-wide arbitration, could proceed on a class-wide basis. The panel decided to impose class arbitration on the parties. However, the Supreme Court vacated the panel's award pursuant to §10(a)(4) of the FAA because:

> Rather than inquiring whether the FAA, maritime law, or New York law contains a 'default rule' under which an arbitration clause is construed as allowing class arbitration in the absence of express consent, the panel proceeded as if it had the authority of a common-law court to develop what it viewed as the best rule to be applied in such a situation.
>
> . . .
>
> In sum, instead of identifying and applying a rule of decision derived from the FAA or either maritime or New York law, the arbitration panel imposed its own policy choice and thus exceeded its power.

Id. at 1768-70.

Similarly, in the instant matter, the Arbitrator was asked to determine the threshold issue of whether the DRA and DR Policy – which Individual Respondents admitted were unambiguous and did not "explicitly discuss class actions" – permit Individual Respondents to proceed on a class/collective basis. Stolt-Nielsen makes it clear that, in deciding this issue, the Arbitrator was required to abide by New York's contract interpretation "default rule." However, the Arbitrator failed to even consider, much less follow, such "default rule."

As set forth in Petitioners' Principal Brief ("Prin. Br.") at pp. 10-11, New York law requires agreements to be enforced as written and prohibits courts and arbitrators from, "under the guise of interpreting the writing[,] . . . add[ing] or excis[ing]" terms to a contract or from "distort[ing] the meaning of those [words] used" to create a new contract that differs from the contract originally intended by the parties." Wyly v. CA, Inc., 05 CV 4430 (TCP) (ETB), 2009 U.S. Dist. LEXIS 90037, at *24-25 (E.D.N.Y. Sept. 2, 2009) (quoting Vermont Teddy Bear Co., Inc. v. 538 Madison Realty Co., 1 N.Y.3d 470, 475 (2004)). Accordingly, under New York law,

"[c]ourts [and arbitrators, as applicable] should be *extremely reluctant to interpret an agreement as impliedly stating something which the parties have neglected to specifically include.*" Wyly, 2009 U.S. Dist. LEXIS 90037, at *24 (quoting Vermont Teddy Bear Co., Inc., 1 N.Y.3d at 475) (emphasis added).

Had the Arbitrator simply applied the above "default rule" to the DRA and DR Policy she would have undoubtedly concluded that Individual Respondents must proceed in arbitration on an individual basis because neither the DRA nor DR Policy contains the parties' express consent to proceed in arbitration on a class/collective basis.  However, the Arbitrator completely ignored New York's "default rule" and, instead, imposed her own policy choice based largely on her own view of restaurant industry employees.  More specifically, the Arbitrator's Award improperly requires Petitioners to include an *express waiver* of class/collective proceedings in the DRA and DR Policy in order to avoid such proceedings  – a requirement categorically rejected by Stolt-Nielsen.  (Award pp. 9-10, 20-21); Stolt-Nielsen, 130 S. Ct. at 1775-76.  The Arbitrator based her policy decision on a number of factors that are wholly irrelevant to the analysis under Stolt-Nielsen and New York's "default rule" including:

- The Arbitrator's belief that it would be too expensive for Individual Respondents to pursue their claims individually.  (Award pp. 17-20).

- The Arbitrator's contention that Individual Respondents were not expressly advised that their claims must be arbitrated on an individual basis.  (Award pp. 9, 21, 27).

- The Arbitrator's belief that the DRA and DR Policy were contracts of adhesion.  (Award p. 9).

- The Arbitrator's perception of restaurant industry employees and Individual Respondents' level of sophistication.  (Award pp. 12-13).[2]

The Arbitrator exceeded her powers by failing to apply the "default rule" to the DRA and DR Policy and, instead, imposing upon Petitioners her own policy choice of requiring an express class/collective action waiver based upon wholly irrelevant factors.  See Stolt-Nielsen, 130 S. Ct. at 1768-70; Porzig, 497 F.3d at 140; Fishman, 339 F.3d at 527.[3]  Accordingly, just like the panel's award in Stolt-Nielsen, the Arbitrator's Award should be vacated pursuant to §10(a)(4).

## II.   THE ARBITRATOR MANIFESTLY DISREGARDED THE LAW

Individual Respondents next argue in their Opposition Brief that the Arbitrator did not manifestly disregard the law and that "[p]etitioners' legal arguments . . . were carefully considered and addressed by Arbitrator Weinstock." (Opp. Br. p. 6).  However, this is simply not the case.  As set forth in the Principal Brief (pp. 8-9), a court shall vacate an arbitration award for manifestly disregarding the law where, as here: (1) the arbitrator knew of a governing legal principle yet refused to apply it or ignored it altogether; and (2) the law ignored by the arbitrator was well defined, explicit, and clearly applicable to the case.  See Halligan v. Piper Jaffray, Inc., 148 F.3d 197, 202 (2d Cir. 1998); see also N.Y. Tel. Co. v. Comm. Workers of Am. Local 110, 256 F.3d 89, 91 (2d Cir. 2001); Capo v. Bowers, No. 00 Civ. 5950(JSM), 2001 WL 36193449, at *4 (S.D.N.Y. Mar. 12, 2001).  As set forth throughout the Principal Brief and below, the Arbitrator ignored a number of well-supported legal arguments all of which were

---

[2] As set forth in the Principal Brief and below, even if the Arbitrator was permitted to impose her own policy choice upon Petitioners, none of these factors support the Arbitrator's Award as each of them have been expressly rejected by numerous courts.

[3] Stated another way, the Arbitrator exceeded her authority by inferring that the DRA and DR Policy's silence on class/collective actions amounted to an implicit agreement to authorize such proceedings.  See Stolt-Nielsen, 130 S. Ct. at 1775 ("An implicit agreement to authorize class-action arbitration . . . is not a term that the arbitrator may infer solely from the fact of the parties' agreement to arbitrate.").

brought to the Arbitrator's attention prior to the issuance of the Award and mandate that

Individual Respondents be required to proceed on an individual basis.

To begin, as discussed in the Principal Brief (pp. 10-11) and above, the Arbitrator failed

to apply basic New York contract interpretation principles to the DRA and DR Policy.   Even

though Petitioners repeatedly brought New York's contract interpretation principles to the

Arbitrator's attention prior to her issuance of the Award, she simply ignored them in the Award.

See Declaration of Louis Pechman filed in Opposition to the Principal Brief (Dkt. No. 11)

("Pechman Decl."), Ex. F at pp. 18-20, Ex. H at pp. 16-25, and Ex. J at pp. 10-11.   In fact, rather

than apply New York law, the Arbitrator relied heavily on Jock v. Sterling Jewelers, Inc., 646

F.3d 113 (2d Cir. 2011), which involved an arbitration decision that applied *Ohio* contract

interpretation principles to the agreement at issue and which are wholly distinct from New York

law.

In addition, the Arbitrator's conclusion that Individual Respondents should be permitted

to proceed on a class/collective basis because Individual Respondents were not expressly advised

that their claims must be arbitrated on an individual basis further ignores the basic tenets of New

York law.   As set forth in the Principal Brief (pp. 22-24), under New York law, in the absence of

fraud or another wrongful act on the part of the other party, "a party who signs or accepts a

written contract is conclusively presumed to know its contents and to assent to them."   Baldeo v.

Darden Restaurants, Inc., No. 04-cv-2185 (JG), 2005 WL 44703, at *4 (E.D.N.Y. Jan. 11, 2005);

see also Gold v. Deutshce Aktiengesellschaft, 365 F.3d 144, 149 (2d Cir 2004); Nardi v.

Povich, 824 N.Y.S.2d 764 (Sup. Ct. NY Co. 2006).   To the extent that any of the Individual

Respondents had questions or concerns regarding the terms of the DRA or DR Policy, New York

law makes it clear that the "burden was upon [them] to have [their] concerns addressed" before

signing the DRA or continuing to work for Petitioners after their receipt of the DR Policy. Gold, 365 F.3d at 149 (stating that burden was on employee to seek clarification of arbitration agreement before signing the same); see also Baldeo, 2005 WL 44703, at *4-5; Nardi, 824 N.Y.S.2d 764. Petitioners brought these cases to the Arbitrator's attention prior to her issuance of the Award. See Pechman Decl., Ex. H at pp. 26-29, and Ex. J at pp. 13-14. However, the Arbitrator completely ignored these cases and imposed a requirement upon Petitioners – to expressly inform Individual Respondents that the DRA and DR Policy precluded them from proceeding on a class/collective basis – that is wholly unsupported by Supreme Court precedent or New York law.

The Arbitrator also focused on the fact that the DRA and the DR Policy are contracts of adhesion. However, as Petitioners repeatedly explained to the Arbitrator, see Pechman Decl., Ex. H at pp. 19-20, and Ex. J at pp. 9-10, this fact has been deemed completely irrelevant by numerous courts including the Supreme Court in Concepcion. See AT&T Mobility LLC v. Concepcion, 131 S. Ct. 1740, 1753-54 (2011) (compelling party to arbitrate on individual basis even though arbitration agreement was a contract of adhesion). Moreover, numerous federal courts have compelled individuals to arbitrate their employment-related claims pursuant to an arbitration provision in the employer's handbook or in a written agreement that was provided to the employee as a "condition of employment." See Brown v. St. Paul Travelers Companies, Inc., 559 F. Supp. 2d 288, 290-91 (W.D.N.Y. 2008), aff'd, 331 Fed.Appx. 68 (2d Cir. 2009); Gonzalez v. Toscorp Inc., No. 97 Civ. 8158 (LAP), 1999 WL 595632, at *2 (S.D.N.Y. Aug. 5, 1999). Once again, the Arbitrator ignored this precedent in the Award.

Finally, the Arbitrator attempted to justify her Award by arguing that it would be too expensive for Individual Respondents to pursue their claims individually. (Award pp. 17-20).

-8-

Once again, Petitioners clearly explained to the Arbitrator that such an argument has been repeatedly rejected by multiple courts, including courts in the Second Circuit.  See Pechman Decl., Ex. H at pp. 20-23, and Ex. J at pp. 4-8.  However, the Arbitrator disregarded these cases. See  LaVoice v. UBS Fin. Servs., Inc., 11 Civ. 2308 (BSJ)(JLC), 2012 U.S. Dist. LEXIS 5277, *21-22 (S.D.N.Y. January 13, 2012) (rejecting plaintiff's argument that he would be disinclined to pursue his claims individually due to the cost because the plaintiff, if successful, would be entitled to recover attorneys' fees and costs); see also  D'Antuono v. Service Road Corp., 789 F. Supp. 2d 308, 343 (D. Conn. 2011);  Winn v. Tenet Healthcare Corp., No. 2:10-cv-02140-JPM-cgc, 2011 WL 294407, at *10 (W.D. Tenn. Jan. 27, 2011);  Delano v. Mastec, Inc., No. 8:10-CV-320-T-27MAP, 2010 WL 4809081, at *5 (M.D. Fla. Nov. 18, 2010).

In light of the above, it is evident that the Arbitrator's Award should be vacated because she manifestly disregarded both federal and New York law in issuing the award.

## CONCLUSION

For all the foregoing reasons, Petitioners respectfully request that the Court issue an order vacating the award and compelling Individual Respondents to individually arbitrate their claims.

Dated:  New York, New York
        April 4, 2012                    Respectfully submitted,

                                        SHEPPARD, MULLIN, RICHTER & HAMPTON LLP

                                        By:_____
                                            Jonathan Stoler
                                            Eric Raphan
                                            30 Rockefeller Plaza
                                            New York, New York  10112
                                            Tel.: (212) 653-8700
                                            Fax: (212) 653-8701
                                            *Attorneys for Petitioners*

-9-

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on the 4th day of April, 2012, I caused a true and correct copy of PETITIONERS' REPLY MEMORANDUM OF LAW IN FURTHER SUPPORT OF THEIR PETITION/MOTION TO VACATE THE ARBITRATOR'S PARTIAL FINAL AWARD ON CLAUSE CONSTRUCTION to be served by upon all counsel of record by the Court's Electronic Case Filing System.

Jonathan Stoler